In The United States District Court
For The Northern District of Illinois
Eastern Division

RECEIVED

SEP 15 2015  EAA
9-15-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Jerrold Davis

plaintiff

Vs.

15cv8130
Judge John Robert Blakey
Magistrate Judge Mary M. Rowland
PC7

Larry Williams
Nicholas Lamb
V.P. Calloway
Gladyse C. Taylor
Unknown Jane and John Does.

I

Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C § 1983 to
redress deprivations under color of State law of rights
secured by the Constitution of the United States. This
court has jurisdiction under 28 U.S.C. § 1331 and 1343
(a)(B). Plaintiff seeks declaratory relief pursuant to
28 U.S.C. § 2201 and 2202. Plaintiff also seeks injunctive
relief authorized by 28 U.S.C § 2283, 2284 and Rule
65 of the Federal Rules of Civil Procedure

1

2. The Northern District of Illinois Eastern Division is an appropriate venue under 28 U.S.C. § 1391(b)(2) because Stateville Correctional Center, in Will County Illinois is where the events giving rise to this complaint occurred

## II
### Plaintiff

3. Plaintiff Jerrald Davis, is at all times mentioned herein, is in the custody of the Illinois Department of Corrections. He is currently confined at

## III
### Defendants

4. Defendant, Tarry Williams, is at all times mentioned herein, the Warden at Stateville Correctional Center. He is legally responsible for the day to day operations at said facility. He is being sued in his individual and official capacities

5. Defendant Nicholas Lamb, is at all times mentioned herein, the Assistant Warden of Operations at Stateville Correctional Center. He is being sued in his individual

2

and official capacities.

6. Defendant V.P. Calloway, is at all times mentioned herein, the Assistant Warden of Programs at Stateville Correctional Center. He is being sued in his individual and official capacities.

7. Defendant Hladyse C. Taylor, is at all times mentioned herein the Acting Director of the Illinois Department of Corrections. She is legally responsible for the Department and each of the institutions under its jurisdiction including Stateville. She is being sued in her individual and official capacities.

8. Defendants Unknown Jane and John Does are at all times mentioned herein, employees of the Illinois Department of Corrections assigned to various positions at Stateville Correctional Center. They are being sued in their individual and official capacities.

IV
Facts

9. On June 25, 2015, plaintiff filed an emergency grievance regarding the deplorable living conditions

3

he has been subjected to at Stateville. Plaintiff alleged that the roach and mice infestation, unsanitary showers, broken windows, mold, leaky roofs, contaminated water supply, a lack of cleaning supplies and dilapidated housing units all add up to create a single identifiable harm in violation of the Eighth Amendment. Additionally, plaintiff asserted his belief that the radium and alpha emitters found in the water are the cause of his leukemia. (See grievance attached hereto as exhibit A).

## V

### Exhaustion of Legal Remedies

10. Plaintiff used the emergency grievance procedures available to him at Stateville Correctional Center to try and remedy the issues presented in this complaint. When the emergency grievance was denied plaintiff appealed the decision to the Administrative Review Board (See Administrative Review Boards response attached hereto as exhibit B).

## VI

### Legal Claims

### Count I

4

Inhumane Living Conditions

11. Plaintiffs reallege and incorporates by reference paragraphs 1-10.

12. The totality of the inhumane and unsanitary living conditions at Stateville Correctional Center add up to create an overall effect that is in violation of the cruel and unusual punishment doctrine of the Eighth Amendment.

13. Excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. Constitution Amendment VIII.

14. To challenge prison conditions using the Eighth Amendment you must meet both the objective and subjective requirements. Farmer v. Brennan, 511 U.S. 825, (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

15. To meet the objective standard you need to show that you were deprived of a basic human need or exposed to serious harm. Wilson 501 U.S. at 298.

16. Under the subjective part of the test you must show that the prison official you are suing knew you were being deprived or harmed and did not respond reasonably. Id at 299.

5

17. Only those deprivations denying, "the minimal civilized measures of life necessities... are sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

18. Dilapidated housing units, contaminated water supply infestation of vermin, insects, mold and a lack of cleaning supplies add up to create a totality of conditions that indicate genuine issues that a deprivation of basic human needs has occurred. Williams v. Griffin, 952 F.2d 820, 825-26 (4th Cir 1991).

Sub Count A
Dilapidated Housing Unit

19. The living units known as "Bravo, Charlie, Delta, and Edward House," consist of only one individual building, however they are divided into four living units

20. Plaintiff is currently housed in Edward House which is unsafe due to the substantial risk of complete and or partial collapse.

21. The structure of Edward, Delta, Bravo and Charlie house consist of a brick building which is supported

6

by sixty-four columns and a cement mixture, which establishes the foundation. The support columns are over five stories high, which connect the foundation to the buildings roof.

22. All sixty four columns are visibly deteriorating with multiple cracks from the foundation extending all the way up to the roof, which threatens to crumble and break away.

23. Not only are all sixty four support columns cracked from the foundation to the roof, but the wall of bricks between the various support columns are deteriorating as well. One inch gaps with no filler or cement can be seen in plain view.

24. Because of the deteriorating foundation and support columns the entire building has shifted and leans slightly placing plaintiff at a substantial risk of imminent personal injury or death.

25. Furthermore, several other structures around Stateville have deteriorating foundations and walls that need to be fixed.

7

Sub Count B
Contaminated Water Supply

26. Stateville has an abysmal history of supplying contaminated water to inmates and employees

27. The contaminated water supply at Stateville is for inmate, employee and visitor drinking. It is also used for the cooking of all food prepared by the kitchen

28. Stateville's water supply consists of excessive amounts of microbiotic contaminants such as viruses and bacteria, inorganic contaminants, such as salts metals, pesticides and herbicides, such as various water runoffs, organic chemical contaminants, including synthetic and volatile organic chemicals, which are byproducts of industrial processes, petroleum production and radioactive contaminants.

29. One specific contaminant in the water at Stateville is radium. When water containing radium is ingested a portion of the radium may remain in the bones. Radiation given off from the radium due to its high energy can cause damage to the surrounding tissue. A dose of 5 p.c/l ingested over an extended

8

period of time may result in the development of bone cancer.

30. Another contaminant in Stateville water supply are Alpha Emitters, which are erosions of natural deposits and are also cancerous elements.

31. Upon information and belief plaintiff contends that he contracted leukemia due to being exposed to the radium and alpha emitters contained in the water here at Stateville

32. Additionally, excessive levels of lead and copper can be found in the water supply as well.

33. Defendants have been made aware of the contaminated water supply but have failed to correct the problem.

Sub Count C
Vermin and Insect Infestation

34. Birds are allowed to fly freely throughout the various living units and cafeteria dropping feces while simultaneously chirping and singing very loud in the

9

early morning hours.

35. Wild birds carry various communicable diseases, through the birds themselves as well as through their feces, such as bird flu, fungi, lice, mites, parasites, spores, and various toxins, all of which can cause varying human bodily injuries.

36. The bird population presents a disease risk from organisms that grow in the accumulation of bird droppings.

37. There are several fungal diseases from bird droppings such as:
A: Histoplasmosis~ This disease is transmitted to humans by airborne spores.
B: Psittacosis~ A rare infection characterized by fatigue, fever, headache, rash, chills and sometimes pneumonia
C: Alvealitus~ Contracted by inhaling particles of bird dander.
D: Avian Influenza~ Transmitted by coming in contact with infected bird fecal matter.
E: Campylobacteriosis~ Bacterial infection that causes gastrointestinal problems.

10

38. Plaintiff also avers that there is a vermin infestation that is not controlled at all. Mice roam in and out of cells regularly. There are massive infestations of roaches and spiders as well as other bugs that are in inmates' cells and the shower area.

39. Defendants have been made aware of the birds, vermin, and other pest but have failed to control or correct the problem.

Sub Count D
Inadequate Ventilation

40. The air circulating around Edward House and individual cells consist of ions that are thick with dust, hair, pest and bird dander, airborne viruses and wool fibers from state issued blankets.

41. The circulation of this type of air has been a constant assault on the plaintiffs respiratory system, thereby exacerbating the problems associated with his asthma

42. The vents in numerous cells are covered with steel plates preventing any air circulation

43. Defendants have been made aware of the inadequate ventilation but have failed to correct the problem.

## Sub Count E
### Unsanitary Cells, Showers and Leaking Ceilings

44. Many of the individual cells at Stateville, plaintiffs included, are dirty and unsanitary, where adequate cleaning supplies are not distributed daily and or on a regular basis to maintain cleanliness.

45. Dust is one of the most produced elements in any household. The amount of dust and dirt flowing from cell to cell has produced dust mites, which reproduce by the millions.

46. The failure to provide adequate cleaning supplies where the cells are dirty and dirt is on the walls and floor, it creates breeding grounds for dust mites, as well as other disease causing micro-organisms.

47. In most cases, once a week plaintiff is afforded the opportunity to obtain disinfectant to clean his cell. Said disinfectant is placed in a mop bucket. Plaintiff must provide his own container for the disinfectant.

if he wants to clean his cell through out the week.

48. Moreover the mop bucket of disinfectant is suppose to supply all 29 cells on plaintiffs gallery but never does.

49. Plaintiff has made the defendants aware of the lack of cleaning supplies and they still have not taken corrective measures to abate the filth and unsanitary cells

50. The inmate showers in the living units are hazardous because colonies of toxic green, white and black mold are allowed to grow in, on and behind the bath tiles.

51. The side effects of toxic mold on a human beings health are lenghty. The most dangerous side effects include chronic delays/delayed reactions that are a result from almost daily exposure building up over time and can range from neurological damage to the risk of cancer from exposure to certain mold toxins in the air and water.

52. In a grievance response dated August 21, 2014, the Administrative Review Board acknowledges the problems

with the showers and cleaning supplies here at Stateville.
(See grievance attached hereto as exhibit C).

53. Again the defendants have not seriously attempted
to abate the mold growth in the inmate showers.

54. Water leaks within the ceilings of the various
buildings around around Stateville where a massive
amount of mold is produced. Roofs that leak include
but are not limited to.

A. Personal Property
B. Bravo House
C. Charlie House
D. Delta House
E. Edward House
F. Frank House
G. The Gym
H. School Building
I. Commissary
J. Law and General libraries

55. Furthermore, the roof in the clothing room
collapsed due to years of leaks and disrepair.

14

56. The roofs of all these buildings have fallen on staff and inmates. In some buildings layer upon layer of mold are located within the ceiling and the items below them.

57. In a letter dated July 21, 2014, defendant Calloway states, "Most of the books in the library have some form of mold on them due to the leaking roof..." (See letter attached hereto as exhibit D.)

58. The defendants know of these hazards throughout all these buildings, however they have not made any real attempts to fix the leaks and mold problems.

59. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

VII
Prayer For Relief

15

Wherefore plaintiff respectfully pray that this court enter judgment

60. Grant plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States; and

61. A preliminary and permenent injunction barring plaintiff from being housed at Stateville Correctional Center until the conditions of confinement discussed in this complaint are rectified;

62. Compensatory damages in the amount of five thousand ($5,000.00) per each Defendant;

63. Punitive damages in the amount of ten thousand dollars ($10,000.00) per each Defendant;

64. Damages for physical and mental suffering in the amount of twenty thousand dollars ($20,000.00) per each Defendant;

65. Plaintiff seeks a jury trial on all triable issues by jury

66. Plaintiff also seeks recovery of cost in this suit, and

67. Any additional relief this court deems just, proper, and equitable.

Subscribed And Sworn To
Before ME This 3rd
Day Sept , 2015
Tyneer Butler-W
Notary Public

Respectfully submitted,
x Jerrald Davis
Jerrald Davis R01877
Stateville Correctional Center
P.O. Box 112
Joliet ill
60434

OFFICIAL SEAL
TYNEER BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires 3/17/2019

Date:

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

x Jerrald Davis
plaintiff

17





An

E117

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: June 25, 15 | Offender: (Please Print) Jerrold Davis | ID#: R-01877 |
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

GRIEVANCE OFFICE

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☑ Other (specify): Conditions of Confinement

AUG 3 0 2015

**STATEVILLE 2589**

- ☐ Disciplinary Report: _____
  Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administrator on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Today I received copies of the Lippert Report, which details the abysmal healthcare Wexford Health Sources is providing I.D.O.C. inmates and the Dobbey class action lawsuit, which details the abysmal conditions of confinement here at Stateville. After reading over the materials, especially the Dobbey lawsuit that talks about the contaminated water supply, it got me to thinking about my bout with leukemia. Granted I'm not out of the woods yet but, I'm starting to

**Relief Requested:** A transfer to the facility of my choice, and $100.00 a day for every day I've had to be at Stateville.

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jerrold Davis                R-01877        6/25/15
Offender's Signature              ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: 7/1/15    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Tarry Williams              7/2/15
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender          Page 1          DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

believe that my leukemia is/was the result of the conditions of confinement discussed in the Dobbey suit. See the radium and alpha emitters found in the water here at Stateville are known to cause bone cancers, leukemia, other forms of bone cancer and in most cases require a bone marrow transplant. 4. That befuddles me the most is why would the department use Stateville as a medical writ facility when it knows how bad the living conditions are there/here. Roach and rat infestation, broken windows, moldy showers, leaky roofs, contaminated water and a lack of cleaning supplies (all of which I've had to endure in the various cellhouses I've been assigned to) alone add up to create a single identifiable harm. Couple that with a person like myself, who has cancer, and your virtually sentencing them to death, housing them here at Stateville. Sexter v Wilson, 501 U.S. 294, 305 (1991). Add to that Stateville's roughly four decades of failing to provide adequate medical care. (See consent decree in Cook v Rowe, 76CV2224) and a 10 year 1.36 billion dollar contract extension, to a company that has completely dropped the ball on providing adequate medical care to I.D.O.C. inmates state wide; it could be argued that Stateville and/or the department has adopted a policy/custom of intentionally depriving inmates of constitutionally adequate living conditions and medical treatment at Stateville. Monel V Dept of Social Services, 436 U.S. 659 (1978). For example the cell I'm currently in, E-117 is absolutely atrocious. There's roaches, mice and other bugs I have to kill daily. The water that comes out the sink is brown and smells funny. There's mold growing on the back wall and the bunk bed is so rusted out, one leg isn't even on the floor. The wood in the showers are rotted out and there's mold everywhere. On top of that the dust and dirt floating around causes my asthma to act up. Add to that that the building is falling down all around me not only puts my health at risk, but my physical safety is at jeopardy too. I believe that any health care professional would agree that the conditions of confinement here at Stateville is not conducive for a healthy human let alone someone like me who has leukemia.

Distribution: Master File; Offender

Printed on Recycled Paper

DOC 0046 (8/2012)

Case: 1:15-cv-08130 Document #: 1 Filed: 09/15/15 Page 21 of 28 PageID #:21

E117

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: June 25, 15 | Offender: (Please Print) Jerrald Davis | ID#: R-01877 |

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: _____ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify) Conditions of Confinement

**Note:** Protective Custody Denials may be grieved immediately via the local administrator on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Today I received copies of the Lippert Report, which details the abysmal healthcare Wexford Health Sources is providing IDOC inmates and the Dobbey class action lawsuit, which details the abysmal conditions of confinement here at Stateville. After reading over the materials, especially the Dobbey lawsuit that talks about the contaminated water supply, it got me to thinking about my bout with leukemia. Granted I'm not out of the woods yet but, I'm starting to

**Relief Requested:** A transfer to the facility of my choice and $100.00 a day for every day I've had to be at Stateville.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Jerrald Davis | Offender's Signature | R-01877 ID# | 6-25-15 Date |

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

| Date Received: 07/15/2015 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

**Response:** Stateville water is from a municipal water supply and is tested monthly and quarterly to comply with EPA standards. The levels of radium are within acceptable limits. Cleaning supplies are distributed when requested to clean cells. The Unit is sprayed for bugs on a monthly basis. If you observe a broken window or mold advise staff so they may submit a work order to maintenance to be repaired. MH

| Morgan Hudson Print Counselor's Name | Morgan Hudson Counselor's Signature | 07/19/2015 Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: 7/1/15 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Tarry Williams Chief Administrative Officer's Signature | | 7-2-15 Date |

Distribution: Master File; Offender

Page 1

DOC 0046 (8/2012)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

believe that my leukemia is/was the result of the conditions of confinement discussed in the Dobbey suit. See the radium and alpha emitters found in the water here at Stateville are known to cause bone cancers, leukemia and a form of bone cancer and in most cases requires a bone marrow transplant. What baffles me the most is why would the department use Stateville as a medical writ facility when it knows how bad the living conditions are there/here. Roach and rat infestation, broken windows, moldy showers, leaky roofs, contaminated water and a lack of cleaning supplies (all of which I've had to endure in the various cellhouses I've been assigned to) alone add up to create a single identifiable harm. Couple that with a person like myself, who has cancer, and you're virtually sentencing them to death by housing them here at Stateville. Seiter v. Wilson, 501 U.S. 294, 305 (1991). Add to that, Stateville's roughly four decades of failing to provide adequate medical care (See consent decree in Cook v. Rowe, 76CV2224) and a 10 year, 1.36 billion dollar contract extension, to a company that has completely dropped the ball on providing adequate medical care to I.D.O.C. inmates statewide; it could be argued that Stateville and/or the department has adopted a policy/custom of intentionally depriving inmates of constitutionally adequate living conditions and medical treatment at Stateville. Monell v. Dept. of Social Services, 436 U.S. 659 (1978). For example, the cell I'm currently in, E-117, is absolutely atrocious. There's roaches, mice and other bugs I have to kill daily. The water that comes out the sink is brown and smells funny. There's mold growing on the back wall and the bunk bed is so rusted out, one leg isn't even on the floor. The wood in the showers are rotted out and there's mold everywhere. On top of that the dust and dirt floating around causes my asthma to act up. Add to that that the building is falling down and not only puts my health at risk but my physical safety is it jeopardy too. I believe that any health care professional would agree that the conditions of confinement here at Stateville is not conducive for a healthy human let alone someone like me who has leukemia.





ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

 E117

**Offender:** Davis    Jerrold    R01877
Last Name    First Name    MI    ID#

**Facility:** Stateville

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: 6/25/15 or ☐ Correspondence: Dated: _____
Received: 7/20/15 Regarding: Conditions @ Stateville
Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

---

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____.
Date

☐ No justification provided for additional consideration.

---

**Other** (specify): You have been at Stateville since 2006.

---

Completed by: Sarah Johnson     Sarah Johnson     7.29.15
Print Name    Signature    Date

Distribution: Offender
Inmate Issues    *Printed on Recycled Paper*    DOC 0070 (Rev.4/2013)







**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Love, Abdul_      Date: _8/21/14_

Register # _M10108_

Facility: _Stateville_

This is in response to your grievance received on _5/9/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Offider/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _8/31/13_ Grievance Number: _3791_ Griev Loc: _Sta/Unit E_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ⊗ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident # _____
- ⊗ Other _Roaches, broken windows, showers_

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

- ○ Denied, in accordance with DR504F, this is an administrative decision.

- ⊙ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Denied as the facility is following the procedures outlined in DR525.

- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

- ⊙ Other: _Left Unit E 10/29/13. As for broken windows and lack of cleaning supplies, Stateville is working on conditions._

FOR THE BOARD: _Benton_      CONCURRED: _S.A. G___

Sherry Benton
Administrative Review Board

S.A. Godinez
Director
_8/25/14_

CC:   Warden, _Stateville_ Correctional Center
_Love, Abdul_, Register No. _M10108_







**Illinois**
Department of
**Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727 -3607 / TDD: (800) 526-0844

## M E M O R A N D U M

**DATE:** July 21, 2014

**TO:** INMATE ABDUL LOVE
M10108 (D-934)

**FROM:** V.P. Calloway
Assistant Warden of Programs

**SUBJECT:** <u>LIBRARY</u>

This is in response to your letter regarding the Library not being open. Please be advised that the general library has been open to offenders. Most of the books in the library have some form of mold on them due to the leaking roof however there are two carts of books available for general reading purposes that do not have mold of them.

I trust this addresses your concerns.

VPC: dv

cc: Master File M10108
Chron
File