# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jerrold Davis (R-01877), | ) |
| Plaintiff, | ) |
| | ) Case No. 15 C 8130 |
| v. | ) |
| | ) Judge John Robert Blakey |
| Tarry Williams, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this Order. The Clerk of Court shall send a copy of this Order to the trust fund officer at Stateville. The complaint is dismissed without prejudice. The Court grants Plaintiff's motion for attorney representation [4] and recruits attorney John J. Murphy, Jr., Hennessy & Roach, P.C., 140 South Dearborn, Suite 520, Chicago, IL 60603, (312) 346-5310, to represent Plaintiff. Counsel is granted 60 days from the date of this Order to file an amended complaint. Counsel should file an appearance in this case no later than November 18, 2015. The Clerk is instructed to correct Plaintiff's address on the docket to reflect that he is incarcerated at Stateville (rather than Stateville *and* Menard Correctional Center).

## STATEMENT

Plaintiff Jerrold Davis, a prisoner at Stateville, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges ongoing exposure to unconstitutional conditions of confinement at Stateville. Plaintiff names as Defendants Warden Tarry Williams, Assistant Warden of Operations Nicholas Lamb, Assistant Warden of Programs V. P. Calloway, Acting Director of the Illinois Department of Corrections Gladyse C. Taylor, and "Unknown Jane and John Does." Currently before the Court are Plaintiff's application to proceed *in forma pauperis* [3],[1] his complaint [1] for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation [4].

---

[1] The Court notes that Plaintiff has used a standard form "motion and affidavit to proceed on appeal without prepaying fees or costs" from the Southern District of Illinois, rather than this

The Court grants Plaintiff's motion to proceed *in forma pauperis*. Because Plaintiff has a $0.35 balance in his trust account, the Court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at Plaintiff's place of confinement is authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

---

Court's standard *in forma pauperis* application. The Court assumes this was a mistake on Plaintiff's part and that he is attempting to proceed *in forma pauperis* in this Court.

In the complaint, Plaintiff alleges ongoing exposure to unconstitutional conditions of confinement at Stateville, including: roach and mice infestations, unsanitary showers, broken windows, mold, leaky roofs, a contaminated water supply, a lack of cleaning supplies, dilapidated housing units, and poor ventilation/air circulation in the cellhouses. Plaintiff alleges that he filed an emergency grievance in June 2015 and it was denied (and that the Administrative Review Board affirmed the denial). Plaintiff alleges further that as a result of his exposure to these unconstitutional conditions – namely the radium in the water supply – he has "contracted" leukemia, and that the deplorable conditions are putting his health/safety in further danger. Plaintiff alleges that Defendants were made aware of the unconstitutional conditions, but that they have done nothing to abate these conditions. Accepting Plaintiff's factual allegations as true, the Court finds that the complaint, at least at this stage of the proceedings, states a colorable federal cause of action against the Defendants for subjecting him to unconstitutional conditions of confinement. *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996)(to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities").

The Court notes, however, that when submitting an amended complaint, Plaintiff should clarify and provide additional details with respect to the "Unknown John and Jane Does" he has named in the complaint (or drop them entirely from the complaint). Plaintiff has not attached any specific allegations to these unknown defendants, and simply indicates that they are "employees of the Illinois Department of Corrections assigned to various positions at Stateville Correctional Center." He does not indicate whether they are high-ranking/supervisory officials (like the other named Defendants) or lower level prison officials. If Plaintiff chooses to include these unknown John and Jane Does in his amended complaint, he should provide relevant factual information related to them, explaining who these individuals are and in what way they allegedly violated his constitutional rights.

Additionally, Plaintiff's motion seeking attorney representation is granted. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare

and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that recruitment of counsel for Plaintiff is warranted. Plaintiff alleges that he has contacted no less than fifty-four attorneys/firms in an attempt to retain counsel in this matter, but has had no success. He attaches a list of these attorneys (and four letters in response to his inquiries) to his motion. Given the seriousness of the allegations in the complaint, including the allegation that Plaintiff is suffering from leukemia and that he believes that the deplorable living conditions put him at risk for further illness/danger, the Court grants Plaintiff's motion for attorney representation [4] and appoints attorney John J. Murphy, Jr., Hennessy & Roach, P.C., 140 South Dearborn, Suite 520, Chicago, IL 60603, (312) 346-5310 to represent Plaintiff. Counsel is granted 60 days from the date of this Order to file an amended complaint. If counsel is unable to do so, he should so inform the Court. Counsel shall file an appearance in this case by November 18, 2015.

Date: October 16, 2015　　　　　　　　　　ENTERED:


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　John Robert Blakey
　　　　　　　　　　　　　　　　　　　　United States District Judge