IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERROLD DAVIS, | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 15-cv-8130 |
| TARRY WILLIAMS | ) | |
| RANDY PFISTER | ) | Judge John Robert Blakey |
| NICHOLAS LAMB | ) | |
| V.P. CALLOWAY | ) | Magistrate Judge Mary M. Rowland |
| W. NICHOLSON | ) | |
| GLADYSE C. TAYLOR | ) | |
| JOHN R. BALDWIN, | ) | |
| Defendants | ) | |

PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants having filed a Rule 12(b)(6) Motion to Dismiss, Plaintiff has elected to address the purported deficiencies raised by that Motion by submitting this Second Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B) and this Court's standing order.

I.

Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress deprivations under color of State law of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C. § 1331 and 1343 (a)(B).

2. The events giving rise to this Second Amended Complaint occurred and continue to occur in Stateville Correctional Center, which is located in Will County, Illinois. The Northern District of Illinois, Eastern Division is the appropriate venue for this action, pursuant to 28 U.S.C. § 1391 (b)(2).

II

1

## II
### Plaintiff

3. Plaintiff Jerrold Davis is—and at all times relevant to this action has been—in the
custody of the Illinois Department of Corrections; and he is currently confined at
Stateville Correctional Center.

## III
### Defendants

4. A. Defendant Tarry Williams was at various times mentioned herein, the Warden at
Stateville Correctional Center. He was legally responsible for the day-to-day operations
at said facility and had personal knowledge of the various conditions that are the subject
of this Second Amended Complaint.

    B. Defendant Randy Pfister is the current Warden at Stateville Correctional Center and is
currently responsible for day-to-day operations there and has personal knowledge of the
various conditions that are the subject of this Second Amended Complaint.

5. Defendant Nicholas Lamb is at all times mentioned herein, the Assistant Warden of
Operations at Stateville Correctional Center and has personal knowledge of the various
conditions that are the subject of this Second Amended Complaint..

6. A. Defendant V. P. Calloway was at various times mentioned herein the Assistant
Warden of Programs at Stateville Correctional Center and had personal knowledge of the
various conditions that are the subject of this Second Amended Complaint.

    B. Defendant W. Nicholson is the current Assistant Warden of Programs at Stateville and
had personal knowledge of the various conditions that are the subject of this Second
Amended Complaint.

7. A. Defendant Gladyse C. Taylor was at various times mentioned herein the Acting
Director of the Illinois Department of Corrections. She was legally responsible for the
Department of Corrections and for each of the institutions under the Department's
jurisdiction, including Stateville Correctional Center and—on information and belief—
she had personal knowledge of the various conditions that are the subject of this Second
Amended Complaint.
.

    B. Defendant John R. Baldwin is the current Director of the Illinois Department of
Corrections and is legally responsible for Stateville Correctional Center and—on

information and belief—he has personal knowledge of the various conditions that are the subject of this Second Amended Complaint..

8. Each of the aforementioned Defendants is being sued in his or her individual capacity with regard to Plaintiff's prayer for monetary relief.

IV
Exhaustion of Administrative Remedies

9. On June 25, 2015, Plaintiff filed an emergency grievance regarding the deplorable living conditions to which he has been subjected while confined at Stateville. Plaintiff alleged that the roach and mice infestation, unsanitary showers, broken windows, mold, leaky roofs, contaminated water supply, a lack of cleaning supplies and dilapidated housing units constitute known, substantial threats to his health and safety. Additionally, plaintiff alleged that the radium and alpha emitters found in the drinking water provided at Stateville are the cause of his leukemia. (See grievance attached hereto as Exhibit A.)

10. Plaintiff used the emergency grievance procedures available to him at Stateville Correctional Center to try and remedy the issues presented in this complaint. When the emergency grievance was denied plaintiff appealed the decision to the Administrative Review Board. (See Administrative Review Boards response attached hereto as Exhibit B.)

11. On January 16, 2016, Plaintiff filed another grievance protesting the contaminated quality of the water that is furnished to him for drinking and washing, noting that from time to time the water that comes out of the tap is brown and ruins clothing that Plaintiff washed in that water. Plaintiff's grievance requested relief in the form of plumbing repairs, replacement of ruined clothing, and medical treatment. The Stateville Chief Administrative Officer denied that grievance on June 10 ,2016. (See grievance attached hereto as Exhibit C.)

**Count I**
**DELIBERATE INDIFFERENCE TO UNCONSTITUTIONALLY**
**INHUMANE LIVING CONDITIONS**

12. Plaintiff realleges and incorporates by reference paragraphs 1-11.

13. The inhumane and unsanitary living conditions that Defendants have knowingly allowed to continue at Stateville Correctional Center constitute a violation of the cruel and unusual punishment prohibition contained in the Eighth Amendment of the U.S. Constitution.

14. As specified below, Defendants have knowingly deprived Plaintiff of basic human needs and have exposed him to serious harm.

15. As specified below, Defendants have failed to take sufficient reasonable steps to protect Plaintiff from known, substantial threats to his health and safety.

16. Defendants have failed to provide Plaintiff with the minimal civilized measures of life's necessities, in violation of the Eighth Amendment.

17. Defendants continue to subject Plaintiff to contaminated drinking water; infestations of vermin and insects; unremediated mold; and a willful failure to provide adequate cleaning supplies. The totality of this variety of unsanitary and inhumane conditions constitutes a deprivation of basic human needs.

Contaminated Water Supply

18. For a substantial number of years, and continuing to the present date, Stateville has provided to inmates, including Plaintiff, drinking water that is contaminated.

19. The contaminated water supply at Stateville is for inmate, employee and visitor drinking. It is also used for the cooking of all food prepared by the kitchen.

20. On information and belief, Stateville's water supply includes excessive amounts of microbiotic contaminants such as viruses and bacteria, inorganic contaminants, such as salts metals, pesticides and herbicides, such as various water runoffs, organic chemical contaminants, including synthetic and volatile organic chemicals; which are byproducts of industrial processes, petroleum production and radioactive contaminants.

21. One specific contaminant known by Defendants to be in the water at Stateville is radium. When water containing radium is ingested, a portion of the radium can remain in the bones. Radiation given off from the radium due to its high energy can cause damage to the surrounding tissue. Defendants know that a dose of 5.c/1 ingested over an extended period of time can cause or contribute to the development of bone cancer.

22. Another contaminant in Stateville's water supply is Alpha Emitters, which are erosions of natural deposits and are also carcinogenic.

23. Upon information and belief plaintiff alleges that he contracted Leukemia due to being exposed to the radium and alpha emitters contained in the drinking water supplied to him at Stateville. Plaintiff also reasonably fears that the presence of such contaminants in his drinking water will aggravate his medical condition and/or adversely affect his prognosis.

24. The Stateville water supply is also known to contain excessive levels of lead and copper.

25. Regardless of the quality of Stateville's water at the point it enters the facility from the outside source from which Stateville obtains its water supply, by the time said water emerges from the Stateville plumbing system at the tap located in Plaintiff's cell it is often dark brown, malodorous and, on information and belief, unfit for human consumption or for use to clean Plaintiff's clothing.

26. Defendants have been aware of the contaminated water supply and/or plumbing problems for a substantial period but have refused to take adequate reasonable steps to correct the problem. Numerous suits filed by other inmates have alerted Defendants to the water problem. On information and belief, numerous Stateville staff have complained to the Administration about the water impurities and the Administration supplies bottled water to staff so that they will not have to endure the conditions to which Plaintiff and other inmates are subjected. Defendants have knowledge of facts that should lead them to realize that there is a serious health problem.

## Bird, Vermin and Insect Infestation

27. Defendants have allowed numerous birds to fly freely throughout the various living units and cafeteria, dropping feces.

28. Wild birds are generally known to carry various communicable diseases through the birds themselves as well as through their feces, such as bird flu, fungi, lice, mites, parasites, spores, and various toxins, all of which can cause varying human bodily injuries.

29. The bird population presents a commonly-known disease risk from organisms that grow in the accumulation of bird droppings.

30. There are several fungal diseases from bird droppings such as:
    A: Histoplasmosis ~ This disease is transmitted to humans by airborne spores.

B: Psittacosis ~ A rare infection characterized by fatigue, fever, headache, rash, chills and sometimes pneumonia.
C: Alvealitus ~ Contracted by inhaling particles of bird dander.
D: Avian Influenza ~ Transmitted by coming in contact with infected bird fecal matters
E: Campylobacteriosis ~ Bacterial infection that causes gastrointestinal problems.

31. Plaintiff also avers that there is a vermin infestation that is not controlled at all. Mice roam in and out of cells regularly, including in Plaintiff's cell. There are massive infestations of roaches and spiders as well as other bugs that are in inmates' cells and the shower area.

32. On June 20, 2016, Plaintiff began to experience sharp pain in his right ear. He reported the pain to a night nurse and was seen at sick call on June 23. He was given a pass to see the urgent care on June 26 to have the ear flushed. The nurse at urgent care subsequently removed two (2) roaches from Plaintiff's ear canal. As a result, Plaintiff continues to experience ear pain, interference with sleep and psychological damage. Plaintiff has filed an emergency grievance concerning this injury.

33. Defendants have been made aware of the birds, vermin, and other pests. Numerous suits filed by other inmates have alerted Defendants to this problem. On information and belief, the Stateville Administration has been required to respond to complaints about bird infestations filed by various Stateville staff with the Illinois Department of Labor and the U.S. Occupational Safety and Health Administration, so Defendants are well aware of these unhealthy conditions.

34. Whatever efforts Defendants have made to alleviate the infestation problem have been inadequate and their failure to increase their efforts in light of the persistence of the problem manifests deliberate indifference to the substantial health risks.

<u>Inadequate Ventilation</u>

35. The air circulating around Edward House and individual cells comprises ions that are thick with dust, hair, pest and bird dander, airborne viruses and wool fibers from state issued blankets.

36. The circulation of this type of air has been a constant assault on the Plaintiff's respiratory system, thereby exacerbating the problems associated with his asthma.

37. The vents in numerous cells are covered with steel plates preventing any air circulation.

38. Defendants have been made aware of the inadequate ventilation but have failed to correct the problem.

Refusal To Provide Adequate Cleaning Supplies

39. Many of the individual cells at Stateville, including Plaintiff's cell, are dirty and unsanitary as a result of Defendants' failure to take reasonable steps to assure that adequate cleaning supplies are distributed to inmates on a sufficiently regular basis to maintain cleanliness.

40. Dust is one of the most produced elements in any household. The amount of dust and dirt flowing from cell to cell has produced dust mites, which reproduce by the millions.

41. The failure to provide adequate cleaning supplies where the cells are dirty and dirt is on the walls and floor creates breeding grounds for dust mites, as well as other disease causing micro-organisms.

42. In most cases, once a week plaintiff is afforded the opportunity to obtain disinfectant to clean his cell. Said disinfectant is placed in a mop bucket. Plaintiff must provide his own container for the disinfectant if he wants to clean his cell throughout the week.

43. Moreover the mop bucket of disinfectant is supposed to supply all 29 cells on Plaintiff's gallery, but that amount is never sufficient to enable all 29 cells to be adequately cleaned.

44. Continuing to supply inadequate amounts of cleaning supplies manifests an intentional indifference on the part of Defendants to the unsanitary conditions in which Plaintiff has been and continues to be confined.

45. Plaintiff has made the defendants aware of the lack of cleaning supplies, but they still have not taken corrective measures to abate the filth and unsanitary cells.

46. The inmate showers in the living units are hazardous because colonies of toxic green, white and black mold are allowed to grow in, on and behind the bath tiles.

47. The known side effects of toxic mold on a human beings' health are substantial. The most dangerous side effects include chronic delays/delayed reactions that are a result from almost daily exposure building up over time and can range from neurological damage to the risk of cancer from exposure to certain mold toxins in the air and water.

48. In a grievance response dated August 21, 2014, the Administrative Review Board acknowledged the problems with the showers and cleaning supplies at Stateville. (See grievance attached hereto as exhibit D).

49. Nevertheless, the Defendants have not taken reasonable steps necessary to abate the mold growth in the inmate showers.

## Prayer for Relief

For the aforementioned violations of Plaintiff's rights under the Eighth Amendment to the Constitution, Plaintiff respectfully prays that this court enter judgment in his favor and award the following relief:

50. Compensatory damages in the amount of five thousand ($5,000.00) per each Defendant;

51. Punitive damages in the amount of ten thousand dollars ($10,000.00) per each Defendant;

52. Damages for physical and mental suffering in the amount of twenty thousand dollars ($20,000.00) per each Defendant;

53. Plaintiff seeks a jury trial on all issues for which a trial by jury is permitted.

54. Plaintiff also seeks recovery of costs and reasonable attorney's fees in this suit; and

55. Any additional relief this court deems just, proper and equitable.

*Jerrold Davis*

Jerrold Davis, Plaintiff

I, Jerrold Davis, declare under penalty of perjury that I am the Plaintiff in this Action, that I have read the above Second Amended Complaint, and that the information contained therein is true and correct, based on facts known to me and/or on information and belief.

Executed this ___ day of July, 2016.

*Jerrold Davis*

Jerrold Davis

Plaintiff's Attorney:

John J. Murphy, Jr.

Of Counsel

Hennessy & Roach, P.C.

140 S. Dearborn Street, 7th Floor

Chicago IL 60603

(312) 346-5328

jmurphy@hennessyroach.com

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: June 25, 15 | Offender: (Please Print) Jerrold Davis | ID#: R-01877 |
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report _____ Date of Report _____ Facility where issued
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Conditions of Confinement

*(stamp: GRIEVANCE OFFICE RECEIVED JUL 10 2015)*
*(stamp: STAFF... 2589)*

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name of identifying information for each person involved):

Today I received copies of the Lippert Report, which details the abnormal healthcare Wexford Health Sources is providing I.D.O.C. inmates and the Dobbey class action lawsuit, which details the abnormal conditions of confinement here at Stateville. After reading over the materials, especially the Dobbey lawsuit that talks about the contaminated water supply, it got me to thinking about my bout with leukemia. Granted I'm not out of the woods yet but, I'm starting to

**Relief Requested:** A transfer to the facility of my choice, and $100.00 a day for every day I've had to be at Stateville.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| Jerrold Davis _Offender's Signature_ | R-01877 _ID#_ | 6.25.15 _Date_ |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

| | |
|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

| | | |
|---|---|---|
| _Print Counselor's Name_ | _Counselor's Signature_ | _Date of Response_ |

**EMERGENCY REVIEW**

| | |
|---|---|
| Date Received: 7/1/15 | Is this determined to be of an emergency nature? [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| | |
|---|---|
| Larry Williams _Chief Administrative Officer's Signature_ | 7.2.15 _Date_ |

Distribution: Master File; Offender

Page 1

*Printed on Recycled Paper*

DOC 0046 (8/2012)


EXHIBIT
A

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

believe that my leukemia is/was the result of the
conditions of confinement discussed in the Dobbey
suit. See the radium and alpha emitters found in
the water here at Stateville are known to cause bone
cancer, Leukemia & other forms of bone cancer and in
most cases require a bone marrow transplant 4. That
truely befuddles me the most is why would the department
use Stateville as a medical writ facility when it
knows how bad the living conditions are there/ here's
Roach and rat infestation, broken windows, moldy
showers, leaky roofs, contaminated water and a lack
of cleaning supplies (all of which I've had to endure
in the various cellhouses I've been assigned to) alone
add up to create a single identifiable harm. Couple that
with a person like myself, who has cancer, and you're
virtually sentencing them to death housing them here at
Stateville. Seiter v. Wilson, 501 U.S. 294, 305 (1991). Add
to that Stateville's roughly four decades of failing to
provide adequate medical care (See consent decree
in Cook v. Rowe, 76 CV 2224) and a 10 year 1.36 billion
dollar contract extension, to a company that has
completely dropped the ball on providing adequate
medical care to I.D.O.C. inmates statewide; it could
be argued that Stateville and/or the department has
adopted a policy/custom of intentionally depriving
inmates of constitutionally adequate living conditions
and medical treatment it at Stateville. Monell V Dept. of
Social Services, 436 U.S. 659 (1978). For example, the cell I'm
currently in, E-117 is absolutely atrocious, there's roaches, mice
and other bugs I have to kill daily. The water that comes out the
sink is brown and smells funny. There's mold growing on the back
wall and the bunk bed is so rusted out, one day isn't even on the
floor. The wood in the showers are rotted out and there's mold
everywhere. On top of that the dust and dirt from my
around causes my asthma to act up. Add to that that the
building is falling down all around me, not only puts my
health at risk, but my physical safety is at jeopardy too.
I believe that any healthcare professional would
agree that the conditions of confinement here at Stateville
is not conducive for a healthy human let alone someone
like me who has leukemia.

Distribution: Master File; Offender          Printed on Recycled Paper

DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: June 25.15 | Offender: (Please Print) Jerrold Davis | ID#: R-01877 |
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Conditions of Confinement

- [ ] Disciplinary Report: _____ Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administrator on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Today I received copies of the Lippert Report, which details the abysmal healthcare Wexford Health Sources is providing I.D.O.C. inmates and the Dobbey class action lawsuit, which details the abysmal conditions of confinement here at Stateville. After reading over the materials, especially the Dobbey lawsuit that talks about the contaminated water supply, it got me to thinking about my bout with leukemia. Granted I'm not out of the woods yet but, I'm starting to

**Relief Requested:** A transfer to the facility of my choice and $100.00 a day for every day I've had to be at Stateville.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jerrold Davis _____ R.01877 _____ 6,25,15
Offender's Signature _____ ID# _____ Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: 07/15/2015 [ ] Send directly to Grievance Officer [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Stateville water is from a municipal water supply and is tested monthly and quarterly to comply with EPA Standards. The levels of radium are within acceptable limits. Cleaning supplies are distributed when requested to clean cells. The Unit is sprayed for bugs on a monthly basis. If you observe a broken window or mold advise staff so they may submit a work order to maintance to be repaired. MH

Morgan Hudson _____ Morgan Hudson _____ 07/19/2015
Print Counselor's Name _____ Counselor's Signature _____ Date of Response

---

**EMERGENCY REVIEW**

Date Received: 7/1/15

Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Terry Williams _____ 7.1.15
Chief Administrative Officer's Signature _____ Date

---

Distribution: Master File; Offender _____ Page 1 _____ DOC 0046 (8/2012)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE (Continued)

believe that my leukemia is/was the result of the conditions of confinement discussed in the Dobbey suit. See the radium and alpha emitters found in the water here at Stateville are known to cause bone cancers, leukemia & form of bone cancer and in most cases requires a bone marrow transplant. 4. That being befuddles me the most is why would the department use Stateville as a medical unit facility when it knows how bad the living conditions are there/here. Roach and rat infestation, broken windows, moldy showers, leaky rooftop, contaminated water and a lack of cleaning supplies (all of which I've had to endure in the various cellhouses I've been assigned to) alone add up to create a single identifiable harm. Couple that with a person like myself, who has cancer, and you're virtually sentencing them to death, housing them here at Stateville. Seiter v. Wilson, 501 U.S. 294, 305 (1991). Add to that: Stateville's roughly four decades of failing to provide adequate medical care (See consent decree in Cook v. Rowe, 71oCV2224) and a 10 year 1.36 billion dollar contract extension to a company that has completely dropped the ball on providing adequate medical care to I.D.O.C. inmates statewide; it could be argued that Stateville and/or the department has adopted a policy/custom of intentionally depriving inmates of constitutionally adequate living conditions and medical treatment at Stateville. Monell v. Dept of Social Services, 436 U.S. 659 (1978). For example the cell I'm currently in E-117 is absolutely atrocious. There's roaches, mice and other bugs I have to kill daily. The water that comes out the sink is brown and smells funny. There's mold growing on the back wall and the bunk bed is so rusted out, one leg isn't even on the floor. The wood in the drawers are rotted out and there's mold everywhere. On top of that the dust and dirt floating around causes my asthma to act up. Add to that that the building is falling down all around me, not only puts my health at risk, but my physical safety is in jeopardy too. I believe that any health care professional would agree that the conditions of confinement here at Stateville is not conducive for a healthy human, let alone someone like me, who has leukemia.

Case: 1:15-cv-08130 Document #: 1 Filed: 09/15/15 Page 24 of 28 PageID #:24

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

E117

Offender: _Davis_ _Jerrold_ _R01877_
                Last Name          First Name                    MI        ID#

Facility: _Stateville_

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: _6/25/15_ or ☐ Correspondence: Dated: _____
Received: _7/20/15_ Regarding: _Conditions @ Stateville_
                Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
                                                                        Date

☐ No justification provided for additional consideration.

Other (specify): _You have been at Stateville since 2006._

Completed by: _Sarah Johnson_           _Sarah Johnson_           _7/29/15_
                        Print Name                          Signature                      Date

Distribution: Offender          Printed on Recycled Paper          DOC 0070 (Rev.4/2013)
                    Inmate Issues

**EXHIBIT**

**B**

Front #III                                                                    E117

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 1.16.16 | Offender: (Please Print) Jerrold Davis | ID#: R01877 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville Corrections |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☐ Staff Conduct       ☐ Dietary         ☐ Medical Treatment          ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☑ Other (specify): Plumbing

☐ Disciplinary Report: _____
                        Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
         Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
         Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
         Chief Administrative Officer, only if EMERGENCY grievance.
         Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
         administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
         Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved):   I'm writing because today and many many times before
I've been having issues with my water. I was washing
my clothes and out of nowhere the water turned
a rusty brown and it totally ruined my clothes. They
were unfixable and I had to throw them out. I
had to let the water run for at least 20 minutes
until it turned clear again. Later that day was getting
water in my cup to drink and at first it was fine but
it up and turned brown again. This was running in my

Relief Requested:   To have the plumbing fixed immediately and
reimburse me for my clothes. [illegible strikethrough]
[illegible strikethrough] Also medical treatment

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Jerrold Davis | R01877 | 1.16.16 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) |
|---|

Date
Received: 02/02/2016    ☐ Send directly to Grievance Officer    ☑ Outside jurisdiction of this facility. Send to
                                                                    Administrative Review Board, P.O. Box 19277,
                                                                    Springfield, IL 62794-9277

Response: Water is tested at the receiving end once it has gone through
the pipes per the Chief Engineer. Stateville water is from a municipal
water supply & is tested quarterly. The levels of radium are within
acceptable limits. If grievant feels that their is water is rusty, he should
notify staff so a work order can be submitted.

| C. Williams | C. Will_ | 02/02/2016 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** |
|---|

Date
Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                              ☐ No; an emergency is not substantiated.
                                                                                 Offender should submit this grievance
                                                                                 in the normal manner.

_____                        _____
Chief Administrative Officer's Signature                              Date

**EXHIBIT C**
tabbies

E-11-1

ILLINOIS DEPARTMENT OF CORRECTIONS
### RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

Date Received: _____ 2/9/16      Date of Review: _____ 6/9/16      Grievance # (optional): 780

Committed Person: Jerrold Davis        ID#: R01877

Nature of Grievance: Conditions - Water

Facts Reviewed: Grievant complains that the water is unsafe. He states the water turns brown and he wants the plumbing fixed, reimbursed for his clothes and medical treatment.

*Stateville water is from a municipal water supply and is tested on a regular basis. Per the Chief Engineer, the water is tested on the receiving end once it has gone through the pipes.*

*Grievant fails to provide any evidence that his clothes were ruined by the water.*

*Grievant is advised if he has any specific medical concerns, is he urged to contact medical staff.*

Recommendation:    No action.

Anna McBee, CCII                       *Anna McBee*
_____       _____
Print Grievance Officer's Name            Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: 6/9/16    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

_____                    6/10/16
Chief Administrative Officer's Signature                Date

| Committed Person's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

*Jerrold Davis*           R01877       6-17-16
_____      _____     _____
Committed Person's Signature            ID#            Date



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Love, Abdul_  Date: _8/21/14_

Register # _M10108_

Facility: _Stateville_

This is in response to your grievance received on _5/9/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _8/31/13_ Grievance Number: _3791_ Griev Loc: _Sta/Unit E_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ⊙ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
    Incident # _____
- ⊙ Other _Roaches, broken windows, Showers_

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ⊙ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

- ⊙ Other _Left Unit E 10/29/13. As for broken windows and lack of cleaning supplies, Stateville is working on conditions._

FOR THE BOARD: _Benton_  CONCURRED: _S.A. G_____

Sherry Benton
Administrative Review Board

S.A. Godinez
Director

8/05/14

CC: Warden, _Stateville_ Correctional Center
_Love, Abdul_ , Register No. _M10108_

**EXHIBIT**
**D**